UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIANNA RANDLE,

                      Plaintiff,                      Case # 19-CV-6797-FPG

v.

                                                  DECISION AND ORDER

CONDUENT, INC., et al.,

                      Defendants.

*Pro se* Plaintiff Brianna Randle brings this employment-discrimination action against Defendants Conduent, Inc., Continuum Global Solutions, LLC, and Benny Ridgeway. ECF No. 1. Before the Court is Plaintiff's motion to proceed *in forma pauperis*. ECF No. 2. The Court finds that Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a), and therefore her *in forma pauperis* motion (ECF No. 2) is GRANTED.

The Court has also screened Plaintiff's Complaint under the criteria set forth in 28 U.S.C. § 1915(e). Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "In evaluating whether a plaintiff has stated a claim for relief, the Court accepts as true all factual allegations in the complaint and draws all inferences in the light most favorable to the [p]laintiff." *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (internal quotation marks omitted). Moreover, a court is "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

1

Construing Plaintiff's complaint liberally, the Court reads the complaint to raise four claims: sexual harassment/hostile work environment under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law ("NYSHRL"), and retaliation under Title VII and NYSHRL.  *See Cruz v. PS1 Contemporary Art Ctr.*, No. 10-CV-4899, 2011 WL 3348097, at *3 n.3 (E.D.N.Y. Aug. 1, 2011).  Drawing all reasonable inferences in Plaintiff's favor, the Court concludes that the complaint is sufficient, and her claims may proceed to service.[1]

Accordingly, the Complaint shall proceed against Defendants.  The Clerk of Court is directed to forward copies of the Summons, Complaint, and this Order to the United States Marshal Service for service upon Defendants without Plaintiff's payment, with unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.  Further, the Clerk of the Court is directed to mail a copy of this Order to the *pro se* Plaintiff.

IT IS SO ORDERED.

Dated: October 31, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] In allowing these claims to proceed, the Court expresses no opinion as to whether Plaintiff's claims can withstand a properly filed motion to dismiss.